IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,743-01





EX PARTE LEJAMES NORMAN






ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 06-1-7346 IN THE 24TH JUDICIAL DISTRICT COURT


JACKSON COUNTY





 Per Curiam. 


O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In December 2008, a jury convicted Applicant of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. This Court
affirmed Applicant's conviction and sentence on direct appeal. Norman v. State, No. AP-76,063 (Tex. Crim. App. February 16, 2011)(not designated for publication). 

 Applicant presents seven allegations in his application in which he challenges the
validity of his conviction and resulting sentence. In Allegation G, he claims that he "was
denied a fair trial when the State offered misleading, inaccurate and perjurious testimony of
A. P. Merillat." The trial court found that "the complained of testimony of A. P. Merillat
'that an individual sentence[d] to life for capital murder could have his classification changed
after ten years' was accurate, since [Applicant] would have been sentenced to life and not life
without parole." However, the trial court findings do not address the other examples of
Merillat's allegedly inaccurate testimony that are contained in the affidavit of Frank
AuBuchon, which is attached as an exhibit to the habeas application. Therefore, this cause
is remanded to the trial court to make further findings of fact and conclusions of law in this
regard.

 This application for habeas corpus relief will be held in abeyance pending the trial
court's compliance with this order. The trial court shall resolve the issues presented within
60 days of the date of this order. (1) A supplemental transcript containing additional findings
of fact and conclusions of law shall be returned to this Court within 90 days of the date of
this order. (2) 

 IT IS SO ORDERED THIS THE 24TH DAY OF AUGUST, 2011.

Do Not Publish
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.